**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**HYMAN KURITZ, individually and on behalf of all
persons similarly situated, ALVIN MAGID, individually
and on behalf of all persons similarly situated,
SARA A. KNAPP, individually and on behalf of all persons
similarly situated, LAWRENCE S. WITTNER,
individually and on behalf of all persons similarly situated,
PHILIP H. SMITH, as President of the United University
Professions, and UNITED UNIVERSITY PROFESSIONS,**

                         **Plaintiff,**

    vs.                                      **1:11-CV-1529
                                                   (MAD/CFH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO,
as Governor of the State of New York, NEW YORK STATE
DEPARTMENT OF CIVIL SERVICE, PATRICIA A. HITE,
as Acting President of the New York State Department
of Civil Service and as Acting Commissioner of the New York
State Department of Civil Service, NEW YORK STATE CIVIL
SERVICE COMMISSION, CAROLINE W. AHL and J. DENNIS
HANRAHAN, as Commissioners of the New York State Civil
Service Commission, NEW YORK STATE HEALTH
INSURANCE PLAN, NEW YORK STATE DIVISION
OF THE BUDGET, ROBERT L. MEGNA, as Director of the
New York State Division of the Budget, NEW YORK STATE
GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS,
GARY JOHNSON, as Director of the New York State
Governor's Office of Employee Relations, THOMAS P.
DiNAPOLI, as Comptroller of the State of New York, and
NEW YORK STATE AND LOCAL RETIREMENT SYSTEM,**

                         **Defendants.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| NEW YORK STATE UNITED TEACHERS<br>LATHAM OFFICE<br>800 Troy-Schenectady Road<br>Latham, New York 12110-2455<br>*Attorneys for Plaintiffs* | Harold Eisenstein, Esq.<br>Robert T. Reilly, Jr., Esq. |
| ERIC T. SCHNEIDERMAN | Laura A. Sprague, Esq. |

Attorney General of the State of New York  Asst. Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Christian F. Hummel, U.S. Magistrate Judge:**

## REPORT-RECOMMENDATION AND ORDER[1]

### INTRODUCTION

Familiarity with the underlying facts and procedural history is presumed based upon prior Memorandum-Decision and Orders ("MDO") issued by the Hon. Mae A. D'Agostino, United States District Judge for the Northern District of New York. (Dkt. Nos. 16, 26). Presently before the Court is plaintiffs' motion to amend/correct the complaint. (Dkt. No. 43). Defendants oppose the motion and have moved for judgment on the pleadings on behalf of defendants Cuomo, Ahl, Hanrahan, DiNapoli and Johnson. (Dkt. Nos. 45, 46). The Court addresses both motions herein.

### DISCUSSION

**I. Motion to Amend**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be freely given when justice so requires. *See Livingston v. Piskor*, 215 F.R.D. 84, 85 (W.D.N.Y. 2003). "Absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiffs' annexed the proposed Amended Complaint to the motion papers. The Court has conducted a line-by-line review of the entire proposed amended complaint. Plaintiff

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

2

proposes as follows: (1) to substitute Frederick Kowal as a president of the union and to remove Philip H. Smith; (2) new factual allegations relating to a new Collective Bargaining Agreement; (3) new allegations relating to the personal involvement of defendants Cuomo, Hite, Hanrahan, Ahl, Megna, DiNapoli and Johnson; (4) new calculations regarding dollar amounts of coverage under the insurance plans; and (5) to withdraw plaintiffs' request for judgment pursuant to Article 78, consistent with the Court's prior Order.

Defendants have no objection to plaintiffs' amendment to the extent that it substitutes Frederick Kowal ("Kowal") as president of United University Professors. When a complaint seeks to add a party to the litigation, the Court must look to Fed. R. Civ. P. 21. It states, in pertinent part, that a party may be added to an action "at any time, on just terms." FED. R. CIV. P. 21. Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *U.S v. Comm'l Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations marks and citation omitted). Addition of parties under Rule 21 is guided by the same liberal standard as a motion to amend under Rule 15. *Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) (citation omitted). The amendment to add Frederick Kowal as a plaintiff and remove Philip Smith as a plaintiff has occurred before the exchange of any meaningful discovery and defendants have not identified any prejudice. *See Precision Assocs., Inc. v. Panalpina World Transport, (Holding) Ltd.,* No. CV-08-42 (JG)(VVP), 2013 WL 6481195, at *8 (E.D.N.Y. Sept. 20, 2013) (citations omitted). Thus, that portion of plaintiffs' motion is granted.

Plaintiffs' proposed amended complaint also includes new allegations against defendants Cuomo, Ahl, Hanrahan, Hite, DiNapoli, Johnson and Megna. In the original complaint, plaintiffs

3

did not assert claims against the aforementioned parties in their individual (personal) capacities.

Now, in the proposed amended complaint, plaintiffs allege as follows:

> 44. Upon information and belief, defendants Hite, Ahl and Hanrahan approved the implementation of reduced health insurance benefits for retired employees effective October 1, 2011.
>
> 51. Upon information and belief, defendants Hite, Ahl and Hanrahan approved the implementation of reduced health insurance benefits for retired employees effective October 1, 2011.
>
> 55. Upon information and belief, defendant Megna approved the administrative extension and implementation of reduced health insurance benefits for retired state employees effective October 1, 2011.
>
> 57. Upon information and belief, defendant DiNapoli is responsible for the administration of the New York State and Local Retirement System ("Retirement System") including the monthly payment of pensions to eligible retired state employee pensioners in the Employees' Retirement System ("ERS"), less any deductions for the payment of retiree health insurance premium costs.
>
> 62. Upon information and belief, defendant Johnson administratively extended and implemented reduce health insurance benefits for state employees effective October 1, 2011.

Defendants present no objection to the aforementioned paragraphs that pertain to Hite and Megna. However, defendants oppose any attempt by plaintiffs to assert new allegations against defendants Cuomo, Ahl, Hanrahan, Johnson and DiNapoli. In support, defendants cite to the Court's recent decision in the companion case *Brown v. New York et. al,* 975 F. Supp. 2d 209 (N.D.N.Y. 2013).

On December 3, 2012, United States District Judge Mae A. D'Agostino issued a MDO resolving defendants' motion to dismiss for lack of subject matter jurisdiction in the within

4

action. (Dkt. No. 16). In that order, the Court noted that defendants were not sued in their individual capacities:

> Defendants are not sued in their individual capacities. Thus, any argument with respect to legislative immunity is moot. *See Baines v. Masiello*, 288 F. Supp. 2d 376, 383 (W.D.N.Y. 2003) (legislative immunity only protects municipal officers from civil liability when they are sued in their personal capacities, and not when sued in their official capacities) (citations omitted).

Nine months after the aforementioned Order was issued, Judge D'Agostino issued a MDO in the *Brown* action. In that decision, the Court discussed the plaintiffs' allegations relating to personal involvement:

> Defendants argue that Plaintiffs' conclusory, non-specific allegations regarding the personal involvement of each of the individual Defendants are insufficient to survive a motion to dismiss. In particular, Defendants contend that Plaintiffs have made several allegations related to certain Defendants' personal involvement "upon information and belief," that Plaintiffs have impermissibly relied on the doctrine of respondeat superior in their allegations with respect to certain Defendants' personal involvement, and that there are no allegations whatsoever linking certain Defendants to the conduct at issue. It appears that Plaintiffs have failed to address this argument in their oppositions to Defendants' motion to dismiss.

*Id*. at 229.

The Court reviewed the plaintiffs' allegations against each defendant:

> Based upon a review of the allegations in the Complaint, the Court finds that Plaintiffs have failed to make any direct or indirect allegations sufficient to permit an inference that Defendants Cuomo, Lippman, Prudenti, Ahl, Hanrahan, and DiNapoli acted or failed to act in any of the ways that would subject them to personal liability for the violations alleged by Plaintiffs. Accordingly, Defendants' motion to dismiss Plaintiffs' claims as to these Defendants in their individual capacity is granted.

*Id.*

While defendants' motion was granted, the Court did not conclude the analysis there. The Court discussed Rule 15(a) and held:

> Here, there has been no showing of bad faith or undue delay by Plaintiffs, nor would Defendants suffer any prejudice if Plaintiffs are permitted to amend their complaint since there are presently ten related actions pending before this Court in which the parties have not begun conducting discovery. Moreover, the Court finds that such amendment would not be futile since the Complaint could withstand a motion to dismiss on these grounds if properly amended. Accordingly, the Court grants Defendants' motion to dismiss for failure to sufficiently plead these Defendants' personal involvement, with leave to amend.

*Brown*, 975 F. Supp. 2d at 231.

Here, defendants now argue that based upon the Court's holding in *Brown*, allegations of personal involvement against all defendants, except Hite and Megna, must be dismissed. Defendants did not reference or cite to any language in the *Brown* complaint in support of their argument but merely state that the allegations therein are "similarly insufficient" to those at hand. Defendants also failed to address the fact that the Court allowed plaintiffs an opportunity to amend the complaint in the *Brown* action. The Court has reviewed the *Brown* complaint and finds the allegations readily distinguishable from the allegations contained in Paragraphs 44, 51, 55, 57 and 62 of plaintiffs' proposed amended complaint. In the Brown case, the plaintiffs' allegations merely identified the subject defendants and their duties/responsibilities. Here, plaintiffs' proposed amendment contains allegations against the named defendants in their individual capacities that mirror the claims that other plaintiffs asserted in their complaints in companion cases. As the parties are aware, in the Orders resolving the defendants' motions to dismiss in those cases, the Court engaged in a lengthy discussion of legislative immunity as it related to claims against the defendants in their individual capacities. The Court held that those claims were sufficiently pled to survive a Rule 12(b)(6) motions to dismiss. At this stage of the

litigation, this Court is presented with the same record and evidence before the District Judge on the prior motion to dismiss. The evidence and factual record is no further developed. For nearly two years, the parties have been entangled in procedural motion practice. Defendants have failed to demonstrate that the additional claims in plaintiffs' proposed amendment would be futile. Nor have defendants demonstrated any bad faith, prejudice or undue delay that would result if the Court allows the proposed amendment. Thus, plaintiff's motion for leave to amend is granted. *See Ouedraogo v. A-1 Intern. Courier Service, Inc.*, No. 12 Civ. 5651(AJN), 2013 WL 3466810, at *7 (S.D.N.Y. July 8, 2013).

Plaintiffs concede that the proposed amended complaint is flawed as plaintiffs did not delete their claims against the State of New York, New York State Civil Service Department, New York State Civil Service Commission, New York State Health Insurance Plan, New York State Division of the Budget, New York State Governor's Office of Employee Relations and New York State and Local Retirement System. These claims were dismissed as a result of the prior motion practice. While the Court will allow plaintiffs to serve an Amended Complaint, the proposed Amended Complaint, as currently drafted, is unacceptable. Plaintiffs are directed to submit an Amended Complaint with an amended caption. Moreover, the Amended Complaint shall not contain any reference to any previously removed parties as defendants in the caption or the body of the complaint. Plaintiffs are afforded the opportunity to amend their complaint to assert the allegations contained in Paragraphs 44, 51, 55, 57 and 62 and to substitute Kowal as a plaintiff herein.

**II.     Motion for Judgment on the Pleadings**

Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment and dismissal of all claims against defendants Cuomo, Ahl, Hanrahan, Johnson and DiNapoli in their personal and

7

official capacities. Defendants assert that plaintiffs' pleadings fail to allege facts sufficient to support a connection between the aforementioned defendants and the enforcement of the challenged statute or any personal involvement in alleged constitutional violations. Defendants further contend that the aforementioned defendants have no specific connection with the enforcement of the legislative act being challenged. Plaintiffs claim that defendants are improperly attempting to reargue an issue that the Court has resolved on two prior occasions.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a claim where the plaintiff provides no "plausible" basis to support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**A.     Personal Involvement**

Defendants' arguments regarding the sufficiency of plaintiffs' allegations of personal involvement of defendants Cuomo, Ahl, Hanrahan, DiNapoli and Johnson were addressed *infra*.

**B.    Official Capacity**

Defendants argue:

> In denying defendants' motion to dismiss the original complaint in this matter, the Court noted defendants' failure to address the immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908). (citation omitted). As plaintiffs had set forth a prima facie showing that their complaint alleged an ongoing violation of federal law, which was undisputed by the defendants at that time, the Court found that the complaint properly requested prospective relief against the individual defendants in their official capacities. (citation omitted). At this time, defendants move on the pleadings to dismiss all defendants other than defendants Hite and Megna in their official capacities.

Defendants argue that plaintiffs have failed to allege that any of the defendants, except for Hite and Megna, had any connection with the enforcement of the legislative act that has been challenged, and their complaint fails to state a cause of action against those individual defendants in their official capacity. Plaintiffs contend that the implementation and enforcement of the act did not rest solely with Hite and Megna, rather defendants Cuomo, Ahl, Hanrahan, Johnson and DiNapoli played a significant role in the implementation and unlawful application of Civil Service Law 167(8). Plaintiffs also assert that, at this stage of the litigation, plaintiffs' claims are not frivolous and overcome defendants' motion.

In the prior MDO, the Court addressed *Ex Parte Young*:

> Defendants argue that Eleventh Amendment immunity extends to state officials but fail to address the *Ex Parte Young* exception. Here, plaintiffs argue that a "straightforward inquiry" reveals that plaintiffs have alleged a violation of federal law. Plaintiffs allege that defendant officials are engaged in enforcing Chapter 491 of the Laws of 2011, a law that is contrary to federal law because it impairs their rights under Article I, Section 10 of the U.S. Constitution. Plaintiffs also allege that officials are implementing a state statute that violates federal due process. An allegation that state officials are enforcing a

9

> law in contravention of controlling federal law is sufficient to allege an ongoing violation of federal law for the purposes of *Ex parte Young*. *See Chester Bross Const. Co. v. Schneider*, No. 12-3159, 2012 WL 3292849, at *6 (C.D. Ill. Aug. 10, 2012) (citing *Verizon Md., Inc*., 535 U.S. at 645). Thus, plaintiffs have satisfied the first prong of *Ex Parte Young*.

Once again, defendants are attempting to re-litigate and reargue an issue that has been addressed by the Court on two prior occasions, without any new evidence or intervening controlling caselaw. A review of the prior MDO reveals that while defendants neglected to engage in any meaningful discussion of *Ex Parte Young*, for clarity of the record and judicial economy, the Court considered, analyzed and addressed the exception on its own accord. This Court will not revisit the issue at this stage of the litigation.

Courts are discouraged from providing defendants with the opportunity to reargue issues previously resolved without a more developed record. *See Remexcel Managerial Consultants Inc. v. Arlequin,* 583 F.3d 45, 54–55 (1st Cir. 2009). To the extent that defendant attempts to reargue issues raised in unsuccessful motion to dismiss, this Court reiterates that these issues cannot be decided at this stage in the case. The Court finds that, based on the pleadings and submissions that the Court may consider at this stage, plaintiffs have alleged facts sufficient to support the remaining claims. The Court will not allow defendants to reargue issues addressed in the previous decision in an attempt to take a third bite of the apple. *See Santana v. Warner*, No. 9:11-CV-443, 2012 WL 5876871, at *3 (N.D.N.Y. Nov. 20, 2012). If defendants intend to revisit these issues in the future, the Court strongly urges defendants to participate in discovery to develop the facts in an attempt to steer this case towards a resolution.

**CONCLUSION**

**IT IS HEREBY**

**ORDERED**, that plaintiffs' motion for leave to amend the complaint (Dkt. No. 43) is **GRANTED**; it is further

**ORDERED**, that plaintiffs shall file an Amended Complaint consistent with the directives in the within order within ten (10) days of the date of this Order in accordance with the Court's local rules; it is further

**RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. No. 46) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**IT IS SO ORDERED.**

DATE: July 25, 2014
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge