**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID KREY, individually and on behalf of all
persons similarly situated formerly known as Hyman
Kuritz; ALVIN MAGID, individually and on behalf
of all persons similarly situated; SARA A. KNAPP,
individually and on behalf of all persons similarly
situated; LAWRENCE S. WITTNER, individually
and on behalf of all persons similarly situated;
FREDERICK E. KOWAL, as President of the United
University Professions; and UNITED UNIVERSITY
PROFESSIONS,**

        **Plaintiffs,**

 vs.                   **1:11-CV-1529
                            (MAD/CFH)**

**ANDREW M. CUOMO, as Governor of the State of
New York; PATRICIA A. HITE, as Acting President
of the New York State Department of Civil Service and
as Acting Commissioner of the New York State
Department of civil Service; CAROLINE W. AHL and
J. DENNIS HANRAHAN, as Commissioners of the New
York State Civil Service Commission; ROBERT L.
MEGNA, as Director of the New York State Division of
the Budget; GARY JOHNSON, as Director of the New
York State Governor's Office of Employee Relations;
and THOMAS P. DiNAPOLI, as Comptroller of the
State of New York,**

        **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **NEW YORK STATE UNITED TEACHERS**<br>800 Troy-Schenectady Road<br>Latham, New York 12110-2455<br>Attorneys for Plaintiffs | **HAROLD EISENSTEIN, ESQ.**<br>**ROBERT T. REILLY, JR., ESQ.** |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **HELENA LYNCH, AAG**<br>**RICHARD LOMBARDO, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION[1]**

In a complaint dated December 28, 2011, Plaintiffs allege that Defendants unilaterally increased the percentage of contributions that Plaintiffs, active and retired employees, are required to pay for health insurance benefits in retirement and, thereby, violated the Contracts and Due Process Clauses of the United States Constitution, impaired Plaintiffs' contractual rights under the terms of their Collective Bargaining Agreement, and violated state law. *See* Dkt. No. 1. On August 4, 2014, Plaintiffs filed an amended complaint. *See* Dkt. No. 57. In their amended complaint, Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and money damages, to redress Defendants' alleged deprivation of Plaintiffs' rights secured pursuant to the Contracts Clause of the United States Constitution, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, Article I, § 6 of the New York State Constitution, and for breach of contract, and violation of New York State Civil Service Law § 167, resulting from Defendants' unilateral action effective October 1, 2011, increasing the

---

[1] The instant case is one of eleven related cases currently before this Court, all brought against, for the most part, the same individual Defendants and are all related to the increase in contribution rates for retirees' health insurance. *See Donohue v. Cuomo*, No. 1:11-cv-1530 (N.D.N.Y.); *NYSCOBA, Inc. v. New York*, No. 1:11-cv-1523 (N.D.N.Y.); *N.Y.S. Law Enforcement Officers Union Council 82, AFSCME, AFL-CIO v. New York*, No. 1:11-cv-1525 (N.D.N.Y.); *Police Benevolent Assoc. of the N.Y.S. Troopers, Inc. v. New York*, No. 1:11-cv-1526 (N.D.N.Y.); *N.Y.S. Police Investigators Assoc., Local 4 IUPA, AFL-CIO v. New York*, No. 1:11-cv-1527 (N.D.N.Y.); *Police Benevolent Assoc. of N.Y.S., Inc. v. New York*, No. 1:11-cv-1528 (N.D.N.Y.); *Krey v. Cuomo*, No. 1:11-cv-1529 (N.D.N.Y.); *Spence v. New York*, No. 1:11-cv-1533 (N.D.N.Y.); *Roberts v. New York*, No. 1:12-cv-46 (N.D.N.Y.); *N.Y. Court Officers Assoc. v. Hite*, No. 1:12-cv-532 (N.D.N.Y.); *Brown v. New York*, No. 1:13-cv-645 (N.D.N.Y.). With minor variations, the related cases all assert the same causes of action and raise the same arguments in the pending motions for summary judgment. The Court has determined that *Donohue v. Cuomo*, No. 1:11-cv-1530 (N.D.N.Y.) shall serve as the "Lead Case." Familiarity with the Lead Case is presumed. The Court adopts and incorporates by reference the related Memorandum-Decision and Order in the Lead Case into this Memorandum-Decision and Order and will only address those facts and legal issues that are distinct from the Lead Case.

contribution rates that Plaintiffs, who are active and retired employees of the State of New York, pay for their health insurance in retirement. *See* Dkt. No. 57 at ¶ 1.

Currently before the Court are the parties' cross-motions for summary judgment and Plaintiffs' motion to strike. *See* Dkt. Nos. 96 & 100.

## II. BACKGROUND

**A.     The Parties**

Plaintiff David Kreh is a former Associate Librarian who receives health benefits through the New York State Health Insurance Program ("NYSHIP"). *See* Dkt. No. 96-2 at ¶ 1. Plaintiff Alvin Magid is a retired former professor at the State University of New York ("SUNY") at Albany and former member of a collective bargaining unit represented by United University Professions ("UUP"), and is enrolled in NYSHIP. *See id.* at ¶ 2. Plaintiff Sarah A. Knapp is a retired former librarian at SUNY Albany and former member of a collective bargaining unit represented by UUP, and is enrolled in NYSHIP. *See id.* at ¶ 3. Plaintiff Lawrence S. Wittner is a retired former professor at SUNY Albany and former member of a collective bargaining unit represented by UUP, and is enrolled in NYSHIP. *See id.* at ¶ 4. Plaintiff Frederick E. Kowal is the president of UUP. *See id.* at ¶ 5. Plaintiff UUP is the bargaining representative for the members of the State University Professional Services Negotiating Unit. *See id.* at ¶ 6.

Defendant Andrew M. Cuomo is Governor of the State of New York. *See id.* at ¶ 7. Defendant Patricia A. Hite was, in 2011, Acting Commissioner of the New York State Department of Civil Service. *See id.* at ¶ 8.[2] Defendants Caroline W. Ahl and Dennis Hanrahan

---

[2] The Court notes that Plaintiffs object to the assertion that Defendant Hite was Acting Commissioner of the New York State Department of Civil Service. *See* Dkt. No. 105 at ¶ 6. The same objection was raised and addressed by the Court in the Lead Case and will not be repeated in the present matter.

3

were, in 2011, the members of the Civil Service Commission. *See id.* at ¶ 9. Defendant Robert Megna was, in 2011, the Director of the New York State Division of Budget. *See id.* at ¶ 10. Defendant Thomas P. DiNapoli is the Comptroller of the State of New York. *See id.* at ¶ 11. Defendant Gary Johnson was at the relevant time the Executive Director of the New York State Governor's Office of Employee Relations ("GOER"). *See* Dkt. No. 57 at ¶ 52.

**B.    Collective Bargaining Agreement in Effect in 2011 Between New York and Plaintiffs**

During 2011, the State of New York and UUP were parties to a collective bargaining agreement ("CBA") for the period April 1, 2007, through March 31, 2011 (the "2007-11 CBA"). *See* Dkt. No. 96-2 at ¶ 12. Section 39.1(a) of the 2007-11 CBA provided as follows: "The State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on July 1, 2007 with the State's health insurance carriers unless specifically modified by this Agreement." *Id.* at ¶ 13. Section 39.1(d) provided that "[t]he State agrees to pay 90 percent of the cost of individual coverage and 75 percent of the cost of dependent coverage, include prescription drug coverage, provided under the Empire Plan." *Id.* at ¶ 16. Additionally, Section 39.10(d) provided that "[t]he unremarried spouse or domestic partner who has not acquired another domestic partner and otherwise eligible dependent children of an employee, who retires after April 1, 1979 with 10 or more years of active State service and subsequently dies, shall be permitted to continue coverage in the Health Insurance Program with payment at the same contribution rates as required of active employees for the same coverage." *Id.* at ¶ 18.

**C.    Collective Bargaining Agreements from 1982 to 2011**

The various collective bargaining agreements between the State and UUP from 1983 to 2011 contained substantially the same provisions as discussed above. *See id.* at ¶¶ 24-34. The

4

1982-85 CBA, however, provided that the State would pay 100 percent of the cost of individual coverage and 75 percent of the cost of dependent coverage provided under the Statewide Plan.

**D.     Subsequent Collective Bargaining Agreement Between New York and UUP**

In January 2014, the State of New York and UUP entered into the Collective Bargaining Agreement with the effective dates July 2, 2011, through July 1, 2016 (the "2011-16 CBA"). *See* Dkt. No. 96-2 at ¶ 19. The 2011-16 CBA provided that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on July 1, 2011 with the State's health insurance carriers unless specifically modified by this Agreement." *Id.* at ¶ 20. Section 39.1(d) provides as follows: "Effective September 1, 2013, Empire Plan premium contributions shall be adjusted on a going forward basis. For employees with a full-time salary of $40,137 or more the State agrees to pay 84 percent of the cost of individual coverages and 69 percent of the cost of dependent coverage." *Id.* at ¶ 21. As with previous CBAs, Section 39.10(d) of the 2011-16 CBA states that "[t]he unremarried spouse or domestic partner who has not acquired another domestic partner and otherwise eligible dependent children of an employee, who retires after April 1, 1979 with 10 or more years of active State service and subsequently dies, shall be permitted to continue coverage in the Health Insurance Program with payment at the same contribution rates as required of active employees for the same coverage." *Id.* at ¶ 23.

**E.     Legislation, Administrative Measures, and Fiscal Crisis**

The Court will not repeat all of the facts relating to the 1983 and 2011 Legislation, the fiscal crisis facing the State in 2010 and 2011, or the parties' arguments relating to Defendant Hite acting as the head of the Department of Civil Service. Rather, the Court refers the parties to the discussion set forth in the accompanying Memorandum-Decision and Order from the Lead Case.

**F.     The Amended Complaint and Pending Motions for Summary Judgment**

5

In their first cause of action, Plaintiffs allege that the increase in the percentage of the health insurance premium contribution paid by retirees violated the Contracts Clause of Article I, § 10 of the United States Constitution. *See* Dkt. No. 57 at ¶¶ 131-37. Defendants contend that the Court should dismiss this cause of action because the collective bargaining agreements do not establish a contractual right to a perpetually fixed health insurance premium contribution rates. *See* Dkt. No. 96-1 at 10-15. Further, Defendants argue that, even if Plaintiffs do have a vested right to a perpetually fixed premium contribution rate, they failed to demonstrate a substantial impairment of that right. *See id.* at 15-18. Moreover, Defendants contend that they are entitled to summary judgment on this claim because the law at issue served a legitimate public purpose and the means chosen to accomplish that purpose were reasonable and necessary. *See id.* at 18-22.

The second cause of action alleges that the retirees' premium contribution increase violated Plaintiffs' right to due process under the Federal and State Constitutions. *See* Dkt. No. 57 at ¶¶ 138-42. Defendants argue that these claims fail because Plaintiffs do not have a property interest in a perpetually fixed premium contribution rate. *See* Dkt. No. 96-1 at 22-26. Additionally, Defendants contend that, even if Plaintiffs had a property interest, the claim still fails because they had an adequate state-court remedy of which they failed to avail themselves. *See id.* at 26-29. Further, Defendants argue that the New York State-based due process claim must be dismissed because the State Constitution does not provide for a private right of action where other remedies, including 42 U.S.C. § 1983, are available. *See id.* at 29-31.

In their third cause of action, Plaintiffs allege a separate cause of action under 42 U.S.C. § 1983. *See* Dkt. No. 57 at ¶¶ 143-45. Defendants contend that this claim must be dismissed because it is duplicative of the Contracts Clause and federal Due Process causes of action. *See* Dkt. No. 96-1 at 31.

In their fourth cause of action, Plaintiffs contend that Defendants Hite and Megna, by extending the increase in the percentage of premium to Plaintiffs, acted in a manner that was *ultra vires* and that these actions are null and void. *See* Dkt. No. 57 at ¶¶ 146-48. Defendants contend that this claim "appears to have been brought pursuant to Article 78 of the New York Civil Practice Law and Rules and has been dismissed." Dkt. No. 96-1 at 9 (citing Dkt. No. 16 at 16-18).

Finally, in their fifth cause of action, Plaintiffs allege that the increase in the percentage of the health insurance premium contribution paid by retirees breached Plaintiffs' contractual rights under the 2007-11 CBA. *See* Dkt. No. 57 at ¶¶ 149-52. Defendants contend that the Court should decline to exercise supplemental jurisdiction over this claim since there is no viable federal claim and that this claim should otherwise be dismissed because it lacks merit. *See* Dkt. No. 96-1 at 32-34.

### III. DISCUSSION

**A.  Standard of review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

7

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**B.     Contracts Clause, Due Process, 42 U.S.C. § 1983, *Ultra Vires*, and Breach of Contract**

The Court will not restate here all of the relevant law or reasons why Defendants' motion for summary judgment is granted as to Plaintiffs' five named causes of action. Rather, the Court directs the parties to the discussion in the Lead Case, which address each of the raised arguments. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102. The Court will only briefly address arguments raised by Plaintiffs that are distinct from those addressed in the Lead Case.

As to Plaintiffs' Contracts Clause cause of action, Plaintiff argue that the CBAs at issue must be interpreted as incorporating Civil Service Law § 167 into their terms. *See* Dkt. No. 100-22 at 19-20. Plaintiffs' argument, however, is misplaced. The cases relied on generally involve courts turning to state insurance laws to interpret the meaning of ambiguous terms in insurance policies. *See, e.g., Maryland Cas. Co. v. Cont. Cas. Co.*, 332 F.2d 145, 156-58 (2d Cir. 2003) (interpreting the meaning of "sudden and accidental" under New York law). Here, there is no ambiguous term to be interpreted. As discussed in detail in the Lead Case, ordinary principles of contract interpretation require the Court to conclude that none of the CBAs at issue guaranteed a

perpetually fixed premium contribution rate into retirement. *See M & G Polymers USA, LLC v. Hobert Freel Tackett*, ___U.S.___, 135 S. Ct. 926, 937 (2015) (holding that, while a CBA may explicitly provide that certain terms continue after the agreement's expiration, when a contract fails to address the duration of retiree benefits, "a court may not infer that the parties intended those benefits to vest for life"). While the CBAs at issue all provide that retirees have the right to continue receiving health insurance through the NYSHIP, they are all silent as to the premium contribution rate to be paid by retirees. *See Serafino v. City of Hamtramck*, 707 Fed. Appx. 345, 352-53 (6th Cir. 2017) ("Looking to the four corners of the agreements, there is no indication that the City intended to provide *any* healthcare benefit to retirees for life, let alone a right to deductible-free, low-co-pay, forever-unalterable healthcare insurance") (emphasis in original). This conclusion is further supported by the legislation passed in 1983 providing that the State would continue to pay the full premium for pre-January 1, 1983 retirees. If retirees had a contractually vested perpetual right to the same contribution rates in effect at the time of their retirement, there would have been no need for an affirmative legislative carve-out specifically applicable to them.[3] Finally, as set forth in the Lead Case, the undisputed facts establish that, even if Plaintiffs had a vested right to a perpetual fixed contribution rate, the small increase to the

---

[3] In a memorandum to the Governor dated August 7, 2007, in support of legislation, later vetoed by the Governor, that would have limited the State's ability to make unilateral changes to retiree health insurance benefits, NYSUT's Director of Legislation stated, in relevant part, as follows:

> There is no statutory requirement for public employers to provide health care coverage to retirees and because retirees are not represented in the collective bargaining process, they are powerless to stop unilateral depreciation or even elimination of health insurance benefits once the contract under which they retired has expired.

Dkt. No. 96-26.

contribution rate was not a substantial impairment and the increase was reasonable and necessary in furtherance of an important government interest. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102 at 26-32.

As to Plaintiffs' due process claims, the undisputed facts demonstrate that neither the CBAs nor Civil Service Law § 167 created a property interest in fixed premium contribution rates in retirement. *See Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987); *Pineman v. Fallon*, 662 F. Supp. 1311, 1318 (D. Conn. 1987) ("[G]enerally courts have sought to avoid interpreting statutory benefit programs as waiving the exercise of sovereign power to amend the statute in the future"). Nothing prevented New York from amending Section 167(8) and extending the premium shifts negotiated in 2011 to unrepresented employees and retirees. Further, Plaintiffs failed to address Defendants' argument that the due process cause of action is subject to dismissal because of the availability of a post-deprivation Article 78 proceeding. *See Campo v. N.Y.C. Emps. Ret. Sys.*, 843 F.2d 96, 102 (2d Cir. 1988); *Minima v. N.Y.C. Emps. Ret. Sys.*, No. 11-cv-2191, 2012 WL 4049822, \*6 (E.D.N.Y. Aug. 17, 2012).

As to the fourth cause of action, even assuming that the claim was not dismissed by the Court and is not a claim brought pursuant to Article 78 over which the Court would not have subject matter jurisdiction, the claim is still subject to dismissal. As set forth more fully in the Lead Case and *Spence v. Cuomo*, 1:11-cv-1533, Dkt. No. 109 at 23-24 (N.D.N.Y.), Defendants Hite and Megna acted in accordance within their authority as provided by Civil Service Law § 167(8).

Based on the foregoing, the Court grants Defendants' motion for summary judgment and denies Plaintiffs' cross-motion for summary judgment.

**C.     Violation of the Taylor Law**

In their cross-motion, Plaintiffs claim that Defendants' decision of October 1, 2011 to extend the charges in the NYSHIP premium share contained in the 2011-16 CSEA contract for active employees to Plaintiffs and all similar situated retirees violated Civil Service Law § 201(4), commonly referred to as to the "Taylor Law." Dkt. No. 100-22 at 29-31. Plaintiffs contend that "[t]he basis for Point IV was pleaded in the Amended Complaint ¶¶ 115-121." *Id.* at 29 n.4.

First, as Defendants correctly note, the Amended Complaint does not contain a separate cause of action claiming a violation of the Taylor Law. As such, the Court denies Plaintiffs' cross-motion for summary judgment as to this claim that was not pled. Even if the Court considered the merits of such a claim, it would nevertheless be subject to dismissal. This issue was specifically addressed and rejected in *Ambrose v. City of White Plains*, No. 10-cv-4946, 2018 WL 1635498, *13-*14 (S.D.N.Y. Apr. 2, 2018), which the Court finds persuasive. The Taylor Law defines the issues that government employers are obliged to negotiate with their employees' organizations. Plaintiffs argue that "terms and conditions of employment," which falls under the Taylor Law, include retiree health insurance benefits and contribution payments. Based on the plain language of the statute, it is clear that "terms and conditions of employment" does not include retiree health insurance contribution rates, as the court found in *Ambrose*. *See id.*; *see also Aeneas McDonald Police Benev. Ass'n v. City of Geneva*, 92 N.Y.2d 326, 330-31 (1998) (holding that retiree health benefits are not "terms and conditions of employment," finding that while "[h]ealth benefits for current employees can be a form of compensation, and thus a term of employment that is a mandatory subject of negotiation," "a public employer's statutory duty to bargain does not extend to retirees").

Accordingly, the Court finds that, even if Plaintiffs pled a claim alleging a violation of the Taylor Law, the claim would fail.

11

**D.    Preclusion of the Declarations of Dominic Colafati and Darryl Decker**

Plaintiffs ask the Court to preclude the declarations of Dominic Colafati and Darryl Decker, which were submitted in support of Defendants motion for summary judgment. *See* Dkt. No. 100-22 at 16-17. As the Court decided in the Lead Case, Plaintiffs' motion to preclude must be denied. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102 at 48-52.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 96) is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' cross-motion for summary judgment (Dkt. No. 100) is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motion to preclude the declarations of Dominic Colafati and Darryl Decker is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall attach a copy of the decision in the Lead Case (*Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102) to this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge